We will hear argument next in number 17. Number 17-1945, WWRD US v. United States. Mr. Gluck. Thank you, Your Honor. I appreciate this opportunity. Thank you, members of the court. I feel a little bit like the lawyer charged with establishing that Santa Claus was a real person, and the only one who believes him is Mr. Claus. I think probably the best thing I could do is start off by trying to describe where this case, I think, went off the rails. Can I ask you one thing? In your view, all of the items at issue stand or fall together? You don't have any separate argument that if some of the items don't belong in the duty-free category, then others still do? No, I wouldn't agree to that. You're talking about our items, the aborted items? Yes. I'm a little hesitant, Your Honor. But you haven't made arguments. No, no, I have not made any. Okay, that's all. I'm sorry, so where did things go off the rails? The lower court recognized that Christmas and Thanksgiving dinners are widely observed cultural celebrations. Where we fell short is convincing them that these are cultural ritual celebrations. Specific. Specific. Specific. It's the specific ritual. Right, and we're going to make a point of saying that specific rituals meant something then. Right. It would be sort of like if the judge had been trying to be funny. They might have said, well, with regard to Thanksgiving, does your view of the specific ritual call for removal of the wing before the leg? That's what, exactly. Or is the ritual putting the candle... And so what is the answer to that question? Does your view of the Thanksgiving ritual require some specificity with regard to carving the bird? No, and I think that's precisely the point. What specific act do you associate with the Thanksgiving cultural ritual? I think there are multiple acts. I'm not very smart. Start with one. The events are held at a prescribed time and place. We travel to a designated family... So it's typically the same Thursday and the month of November. Exactly, Thanksgiving. Same date. As children, we know we go to our grandparents' house. We get a little older, we go to our parents. After that, maybe at our house. If you have grandparents. If you do have grandparents, that's correct. I think these involve predictable, known, and repeated events year after year. So it's the same date and you go to the same place. That's right. And we know what is expected to us through customs and tradition. We start out at the children's table. We work our way up to the adult table. We expect to overindulge in the food. Is that so? I mean, I've always brought the children to the adult table. You're a very liberal and... Broad-minded. High-minded. Thank you. I've been called other names. I think that raises another interesting point. In this case, where the court goes into great detail... But there's nothing about... I suppose the head of the family sits at the head of the table if the table has a head. Or if it's a round table, he sits at a specific place and that is designated to be the head by the virtue of who sits on left or right. I think that is a good example of a ritual act. Time of day, though, it could be midday, mid-afternoon, evening, or even after dark. It could. Just as the Seder might be on the first day or the second day. But the Seder starts at a particular time during the day. Does it not? I think that... The Seder feast, I think, doesn't... I don't think it's at a particular time. I never thought it interrupted and started breakfast. Okay. I think the other acts that we say are the specific cultural ritual acts. Foods. There are recognized foods. We have turkey, goose, duck, ham, Christmas pudding, fruit cakes at Christmas. We have turkey stuffing, cranberry, pumpkin pie Thanksgiving. There are familiar words and stories. Generally recognized. Because those are their... Different cultural influences. There's play within the category. Because we always have an apple pie, which I always thought was sort of odd. I think that's correct. I think different cultural influences play a part both in this ritual and in the Seder ritual. If I'm an Orthodox Jew, I may follow more scripted formalities than if I'm a Reformed Jew living in Virginia. If I'm celebrating in New Israel... Do you know whether or not the rituals... And I suppose all of this started Thanksgiving in New England, didn't it? I mean, there wasn't a Kansas where I come from in the beginning of these celebrations, I don't think. I don't think that Native Americans celebrated Thanksgiving. Do we know that? Well, I couldn't say. I think we harken back to the days when pilgrims and the Indians first got together to... What I'm trying to get at is it's possible that there could be regional versions of the rituals for Thanksgiving and Christmas. I think there can, just as with the Seder. It's celebrated differently in Israel than in areas in the West Bank. It's kind of no wonder that after the damage that was done in the Midwest of Cannon Falls and then this particular ritual requirement was put in, it's no wonder that the Customs came and said, please get rid of all that. Just because of the... How does some GS 10 or 11 or 12 at the border decide whether or not a specific ritual has been performed with regard to the candle or the hurricane lamp that you propose to enter? It would certainly be a difficult task to administer if that were the guide. I think that in the context of where the statute... You're not making a void for vagueness argument here. Not until you just raise it here. But what under your view of the interpretation of this provision, what kinds of judgments would the Customs officer have to make? Well, I think that these are articles that a Customs officer would have to do what he would normally necessarily have to do in cases that involve listed articles, descriptions such as this in the heading. He's going to have to look at the item and see if it belongs to the same class or kind of items that are enumerated. He's going to have to make it... That's easy. Right. That's a point. I think he's going to, in a way, he's not going to be a religious scholar and know all of the rules of the Seder to know that this item, aside from the Seder plate, it meets within this provision. That's going to require a little more study. But I think if you're going to be able to adjudicate in your mind as an administrator that these are items that are usually used in these ceremonies, in these celebrations, then I think you have a good bet. And more or less not used otherwise. And not used otherwise. That's correct. And not used otherwise. I think that one of the things that struck me as the court describing these articles... was that the plain white plates that come out for Passover and are used only for Passover just because you're supposed to use different plates would, I think there's something close to the truth about that, I'm not sure, would not come under this because those very same plates could be sold for any number of other occasions. There's nothing that if you look at them says, these are Passover plates. I think that one of the definitions proposed by the government includes Seder plates that are plastic plates. They could be fancy or whatever. If they are just plain plastic plates that are not used in performance of the Seder, then I think that there's no way they're going to be classified here. There might be an argument that if you met all the criteria in carborundum and said these are the class of kinds that are sold, we can prove that these particular items even though... because cultures change what we view as items within this ritual may change through time. And I think that's why it's important to look at the edition, the seven edition that's pointed out in carborundum and say, well, listen, these are part of the kind of articles that are used. They're sold that way. They're marketed that way. And we use them that way. I think what also strains the inclusion is the fact, as Your Honor seems to be suggesting, they don't have any special symbols that make their use at another time apparent as was the case in festive articles. If you're looking to see if an item was a festive article, that was one of the issues that you were looking for. I'm not so certain that that's the case here. I don't agree with the government that you have to first meet a festive test and then subsequently you apply all of the specific requirements that are expressed in this statute. But I can see your point and I can go to the end. I guess part of what I'm trying to focus on is I'm thinking about how the current, the 2007 regime came to be. Before that, as I understand it, you know this better than I, but my understanding is in 2006 there was the chapter 95 and, in particular, the heading 95, I don't know, .10 or whatnot. And that pretty broadly covered festive articles. And Congress, through the change, says we're not going to have that anymore. In particular, we're going to add an exclusion for tableware and kitchenware. And I'm going to, because of what you said at the very beginning of the argument, I'm going to include lamps in there, your last category. Everything else is clearly. And it feels to me like you're making an argument for reinstating under the new regime what is pretty clearly carved out from the old regime. Because how is the customs officer going to make a distinction between anything that's, you know, Christmas ornaments, nativity scenes, articles for Christmas festivities, and parts and accessories thereof? The answer is going to be you're now going to have to identify a specific ritual and say only some of those. And I don't see quite how that works. I think the provision came in reaction to an ever-expanding inclusion of articles under the festive orbit. So we started at Midwest and we went all the way through Park B. Smith. And it got to the point. That's right. You could wear a sweater with a Santa on it. It was a festive article. When the new provision came in, in fact, they put in a subheading for the utilitarian articles that we would describe, such as these plates, et cetera. What the provision, before the provision we were talking about in 1917, it starts out by just limiting it to certain classifications, including dinnerware, et cetera. And in that it's eliminated a lot of the things that, let's say, Wilton or Michael Simon would have included. The happy birthday mug. That would have been festive. It's not anymore. Why? It's not part of a holiday. It's not used in a holiday. It's not used in a cultural ritual necessarily, unless you say that a birthday party is a cultural ritual. So I think that narrows it. That narrows it a lot. Well, what happens to articles that are not listed in the listing in 981795? So articles classified in headings yada, yada, yada, yada. That's the nature, right? Right. Well, that's where the refinement came. So let's assume you have a product that is not in that list because it's only that list to which the rituals apply. So let's assume it didn't involve a baseball hat. And you put Santa Claus on the baseball hat. Oh. I mean, does that still come in as a festive article? In... What happened to the old festive article? Yeah, it's a good question. Is the old festive, the festive that I dealt with in Midwestern Canada... Yeah, no, the old festive is still alive. That's what I thought. That's what I thought. It's still alive. It's still alive. What this does is carve out these particular items that are enumerated. I see that. And it says to them, excuse me, those things that ordinarily would come in essentially duty-free now are going to get a duty unless you can show that they are tied to this specific ritual. Precisely. But there's still a whole universe of things out there that still might slide under the... starting with Midwest Canada Falls, the old festive thing. That's correct. This was a limited... They picked a handful of, they thought, the ones that were the biggest loophole or whatever. I think that's precisely correct. You have only a minute left. Why don't you... You can either use it now or use it on rebuttal. I'll use it for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. Your Honors, the trial court should be affirmed here because the trial court did accurately assess what the meaning of this heading captures. Is there a reason why in promulgating 9817.95 that there are only like nine or ten subheadings that were identified to be of significance? To deserve the ritual treatment? Yes, Your Honor, because those are... As Your Honors were discussing earlier, there was a history here. 2007 becomes the breakpoint. Prior to 2007, anything that would manage to be a festive article under 9505, it didn't matter whether or not you were utilitarian, it didn't matter whether you were a textile, whether you were a cup or a plate. None of that mattered. In 2007, there's a change. There's an exclusion to the festive articles, and it takes a group of what are utilitarian... What I'm trying to understand is why did it take that group? For example, if you had a baseball hat that had Santa Claus on it, presumably it might still be a festive article. Baseball hats might come in at a duty of 25%, whereas if it's got Santa on it, it's free. I'm not entirely sure why this particular set was, but it appears to be because they were utilitarian articles and that that was an issue that customs had always raised in the doctrine that was produced as part of Cannon and Midwest and Park B. Customs constantly said, no, this shouldn't fall in here because even though it's decorated, it's still a utilitarian article, and that was tied into... What's the government's definition of a specific ritual? Let's go back and take Thanksgiving. Yes, Your Honor. Let's assume that you want to create... Give me an interpretation of a sufficient ritual here for Thanksgiving that would have allowed these goods to survive. So what would the ritual have to be? Your Honor, I'm not aware of any ritual, but if I were to design one, it would have to be that there was a blessing that was given in 1622 or 1623 when the pilgrims devised this event, this Thanksgiving event, that there was a blessing and a prayer and that before anyone, maybe you come to the table, and before you can sit down, everyone stands up. All right, everyone has to, male, female, male, female, hold hands around the table, and then you say the prayer, and the first person says the first word, and the second person says the second word. And again, I'm inventing something here. But we're looking at, and the reason I invent it that way is because I'm looking at the exemplars of this heading, and we're talking about a Seder plate. We're talking about a menorah. We're talking about blessing cups, and we're talking about a canara. Those four exemplars are telling us what this heading is meaning to put back because remember, all these utilitarian articles have just been excluded from 9505, and there's a footnote to 1V that says, but you can't go look in the special condition, and it's not a heading, by the way. It's a subheading. So before you could ever get to 9817.95, you've got to first show up and see whether or not you would have been in the old regime of a festive article of 9505, and when you walk into that heading, and you say, oh, no, I'm actually a cup. I'm a plate. I'm tableware. I'm a candle. I'm a lamp. If I fall into that, then I'm not allowed to be in that heading anymore, but I might, just might, fall into an exception to the exclusion, and this exception is very narrow. There is very specific language used here. As Your Honor recognizes, it's specific ritual. Well, if you're our customs officer at the border, golly, Lord, help the importer because it's got to be a very, very specific ritual. That's true, Your Honor, but... How is the poor bloke at customs supposed to know what the... Does he have a book that tells him what rituals are for every holiday? He doesn't, Your Honor, that I'm aware of, and she doesn't that I'm aware of, but what does exist is under the Remod Act. It is the importer's obligation to make sure if I'm going to assert that I fall into 981795, that in fact I'm telling you what the ritual is in good faith. I have an obligation. So most of the time, as the Court is aware, most of the goods that are coming into the United States, we're relying on the trustworthiness of importers and of brokers to tell customs how that should be classified. Can I ask you about, I guess, a specific kind of thing? Halloween. Yes. Trick-or-treating. Yes. Sounds like a cultural celebration, ritual, maybe even celebration. Plastic pumpkin bucket for trick-or-treating. Yes. Buckets are included in the list before you get to the specific ritual thing. Included? If they're in the shape of a pumpkin, they are, Your Honor. Why? Except for the three words, trick or treat, there's not any words spoken, and probably some extremely small percentage of trick-or-treaters carry these things. Right. Maybe even the particularly small ones. Right, Your Honor. They're actually not in this heading. They're in the other subheading. Why are they not in this heading? They're not in this heading because for the very reasons Your Honor states, for example, the bucket is not necessary to the performance of the act. If we watch the old Charlie Brown, you're out there with the pillowcase. So the fact that someone's made a bucket, that's lovely, but it's not necessary to the event. I don't know that trick-or-treating... I'm sorry, what's the other heading? The other heading is 98, 17, 95.02. Excuse me, 05, I think. Utilitarian articles in the form of a three-dimensional representation of a symbol or motif clearly associated with a specific holiday in the United States. So if one were to make that bucket in the shape of a Frankenstein head, in the shape of a pumpkin, and you see this all the time, you see little kids walking, they have a little pumpkin, they have a little orange pumpkin with the black plastic handle at the top. That would fall right into the second point. So the first point is a very restrictive, and the category they're trying to fit into here... But just to follow up, why couldn't it fall within both categories? Why isn't the act of trick-or-treating, saying trick-or-treat, I mean, it's a very minimal ritual perhaps, but a ritual nonetheless, part of this cultural celebration. I don't know that it's a cultural celebration per se. It's a cultural event, and it doesn't have the formality associated with it. I guess that's the real next question I have, is why it felt perhaps like the court below, and the government, really is expecting something formal, something solemn, something borderline religious, if not actually religious. And it's not clear to me what in the text really demands that, so long as there is something that is ritualistic in the sense that it's just something you definitely do. There's a certain act that you do, and saying trick-or-treat, or doing the Easter egg hunt on Easter, and you have those little hollow plastic eggs that you hide around in your backyard. Why aren't those things considered rituals? Because, Your Honor, I don't think that it rises to the level of formalism. It's more of a tradition. It's more of a custom. It's something that people have done over time. I mean, the idea of putting the plastic eggs out, that's a recent advent of Easter. I mean, Easter's been around 2,000 years, and this is a more recent kind of a custom, or a tradition. People came up with an idea, they thought it was cute. Yeah, but as you know, the nature of ritual celebrations, of old events, changes over time, often quite dramatically. That shouldn't mean that the new versions, like the new Haggadahs or something, are outside this provision. I think, Your Honor, I think it goes back to when we talk about the formalism, when we're looking at the exemplars, we're looking at a Seder plate, there's a Haggadah that does have certain prayers, that does have a story that's being told, and it's more formulaic. There is a blessing that's occurring. There are specific foods. I mean, if one were to limit, say, the Halloween, if you were to be limited only to saying, you know, trick-or-treat, I mean, little kids would come up, and they'll just stand there, and there is no trick-or-treat. Happens rather a lot. Happens most of the time, and most of the time, it's the little kids who are trick-or-treating. Although I know some big kids still want to go out and try to, you know, gather as much candy as they can get until the next holiday, but the little kids that are going out don't even know half the time what it is they're to say, so they come up, and they stand there, and it's the person who's handing out the candy who might say, do you want a trick? Do you want a treat? Right, but just to, I mean, to pick up on what Judge Chen said, I mean, it seems to me that the Court of International Trade and you are taking a position requiring a a very high degree of specificity and formality, and it's not clear why one should read that into this language. I think it's because the language includes in the performance of specific ritual or cultural, excuse me, religious or cultural ritual celebrations, so the fact that this heading... Couldn't you have an ancient, historic, cultural celebration that has generalized behavior associated with it? Dancing, but no specific type of dancing. That may not... Feasts, but no particular food at the feasts, but it is admitted that it is an ancient tradition that comes down in some particular ethnic group. Right, but the thing, what happens there is that you have a tradition, and you have perhaps a custom, but that's not rising to the... They're choosing this word very specifically here. They're choosing the word ritual, and they're also including in the heading performance, performance of specific religious or cultural ritual celebrations, so you need to understand, we're talking about performance, so performance is generally that word, we understand it to be scripted, and that is supported by... So you're trying to say that if I had a cultural, historic, cultural celebration that didn't have any performance elements, you wouldn't qualify? I think that's right, Your Honor, I think you have to have... You have to have some performing? Yes, in the plain language of this heading, it's calling for the performance, it's calling for the article to be used in the performance, and that goes to the concept of ritual. Ritual, all the definitions that we see talk about a scripted event that has a form of... When we talk about formal, I want to make sure that the Court understands what we understand formal to be, is that it is preset, that there's a certain sequence of events that has to occur, and if it doesn't occur, then it falls out of the realm of a ritual. I'm not sure I can think of examples, but your friend on the other side, I think, was adverting to what intuitively seems is probably right, which is that there are certain ritual celebrations in which there's not just one thing you can say or one set of acts you take, but a menu of choices you have to make. I guess he was referring to, in Israel, a Seder may be one thing and it may be a different thing in some other place. It feels like your approach to this would exclude that, that you're suggesting that there has to be a unique set of acts or words that pretty much everybody involved in the celebration has to follow without choice. Yes, I think that that's right, Your Honor, that there are certain fundamentals to that ritual event. Now, can one do a riff on that particular ritual event and maybe add to the story? That might be possible, but there's an underlying fundamental. There's a foundation here of what the event will be. That would be, for example, Seder plate. I mean, there are the six foods. If you wanted to add, as part of your ritual, two more foods to say, well, we're going to add this sweet because when we left it was even sweeter. What would happen if, in the Jewish faith, for example, in the Reformed faith, if someone decided there was permissibly could be a seventh food? And that the person, the Rabbi who's in charge of this particular wide group of Jews said that's the way we're going to do it. But that's going to be our very specific ritual. And that may be, within that group, a specific tradition of a ritual. It may be their custom, their specific custom, but there is still underneath. So we still have the six foods and someone's going to add a seventh. Well, that's an accretion. That doesn't change the foundation of the event. The fundamental event is still ritualistic. It is still preset. It is an ordered event. So you're saying those goods would qualify for the exclusion? Sorry? If the plate had room for the seventh or whatever, you say, well, that's okay. Yes, so long as it was understood. It's still within the ritual. It's just in a variation. It's a variation on a theme, but it... Well, that's what I'm trying to get at with the presiding judge. I'm not pushing you on whether or not there's any flexibility in your specificity. I think there is some flexibility, but that flexibility has to flow from an inflexible base. There has to be the base that is the ritual, and then there may be a riff on that ritual. And I see my time is up, Your Honor, but I wanted to finish the thought. For example, the canara, which holds candles. I mean, there's a certain way of lighting those. They're placed in a certain way. The candle's color is on one side. You know, there's red, black candle, and then green candles. You can't mix that up. Now, I mean, if you try to do a riff on that, you're changing that. So the canara is holding those candles in a certain way. There's a formulism to this. There are symbols and words. What about 4th of July and launching of fireworks? Every 4th of July, every town, city, they have to buy a whole bunch of fireworks, and maybe there's some foreign country that is trying to import them. And every town, every city, at 9.20 PM on the 4th of July, they launch a whole bunch of fireworks. Wouldn't that be a utilitarian article used in the performance of a specific cultural ritual celebration? If there were worse? Assuming it were in the home. Yeah, assuming it were in the home. Oh, then there's that. Yeah, the home, too. Or the backyard. There are over 300 million people in this country. Let's assume for the moment they all launch fireworks every 4th of July. In their home. At the home. And the first responders will be quite busy. But I understand. I appreciate the concept, Your Honor. It's that, is this, are fireworks, even though they're occurring, see, they're traditional. But if the firework didn't occur, if it rained out, would 4th of July still have occurred? It would have. And there may have been people, maybe the rituals you get up and you say, you know, the Star Spangled Banner, you sing the national anthem as part of the 4th of July. Or you recite, you know, I'm from Philadelphia. You go out to Independence Hall. You roll out the Declaration of Independence and you recite it. And that's done every 4th of July in the morning when the gentleman's name was Mr. Nixon would have, believe it or not, would have read the Declaration of Independence. So that becomes, perhaps that rises to the level of a ritual. Because it is longstanding and it has a performance aspect to it. And it has specific words. I cannot take the Charter of Rights from another country and come in to Philadelphia. It could be a problem. Is Paxitani Phil a ritual when he comes out every Groundhog Day? No, because Paxitani Phil, he dies and they get a new one. And sometimes there's a girl. And it's a girl groundhog. I'm from Pennsylvania, so I know this. Okay, I withdraw the question. Sometimes there's a girl and they call Phil anyway. I better quit while we're ahead. Your Honor, the trial court below should be affirmed because it got the right definition and it understands that the ritual here is much more formulaic and must be performed. Thank you very much. Thank you. Two minutes. Disagree with the government, number one. The invention she describes, well, first of all, in answer to your question, as long as you say a prayer before you light the fireworks, according to the government, it would be a ritual. The description of the government's invention of a holiday doesn't square with some of the definitions of Seder that are already on the record. The government points out that a Seder is a festive that includes reading, drinking wine, telling stories, eating special foods, and singing. That's a pretty loosely informal type of description to describe the Seder. And I think that goes along with the statute and its understanding that it's... You were reading from something that's like a definition? That was a definition that was provided for in one of the briefs. But that doesn't mean any old foods, any old songs, any old... It doesn't describe it as any old... I mean, it would be ridiculous to read that as... Well, that's the problem, too. When you pick out different definitions... Definitions are often not written that way. That's right. You want to know what this thing is? Well, it's this kind of thing. You want more specifics? I'll give them to you, but the specifics matter. I think that's correct, and that goes to the point of the statute, how it's written. It defines cultural rituals and religious rituals differently. Cultural rituals must be performed during a holiday, a holiday. Religious can be during a holiday or religious festival. Even a distinction between the words has an important function here because I think that lends itself to the court interpreting the meaning of a religious ritual different than a cultural or secular ritual. And I think that, again, goes back to what I was saying. What I think the court got a little bit derailed was by the discussions of the very specific formal ways that a Seder may be done. It's the same thing about the Qunar, and that's a civil term. That was really an invention of a college professor at the University of Chicago that wanted to create a symbolic recognized way of showing African-American culture, and it has been evolving, and maybe in a few weeks from now it will evolve even more. As this country becomes more secular, we're going to have less and less religious rituals, and I think that the import specialist that has to deal with it then is kind of a real problem because when you look in a dictionary, when you have seven definitions of ritual, maybe the cultural rituals will be on top and the religious will be on top. Right, but one thing at least that—tell me why this is wrong— that would seem to favor a particularly narrow and demanding interpretation of this language is that it would diminish the range of application, discretion, and choice. Well, Your Honor, as we explained, and I think the government may point out, this is really darn specific. You have to be in one of these categories first. You have to be classified. Then you have to be a specific cultural ritual, and it can only be used on a holiday. That in itself is quite limiting, and the government seems to want to limit it only to the exemplars and nothing else, and it's requiring religious formality that is not necessarily a part of cultural rituals at all. We live these things. We know what to do because we've done it. We will do it again, and we expect to do it again, and our children will do it the same way because they grew up with this cultural ritual, and it's part of our tradition. That's a forceful enough symbol for me to keep in the context of this statute rather than looking for further ways of limiting it by saying you have to have a prayer before you light the fireworks. Thank you very much. The case is submitted, and the court will stand in recess.